*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MJV, Minor.

UNPUBLISHED
June 09, 2025
11:20 AM

No.  372337
Macomb Circuit Court
Family Division
LC No.  2023-000712-AY

Before:  K. F. KELLY, P.J., and O'BRIEN and ACKERMAN, JJ.

PER CURIAM.

Respondent-father appeals as of right the opinion and order terminating his parental rights to his minor child, MJV, under MCL 710.51(6) of the Michigan Adoption Code, MCL 710.21 *et seq*.  Finding no errors warranting reversal, we affirm.

## I.  BASIC FACTS AND PROCEDURAL HISTORY

Respondent-father and petitioner-mother are a formerly married-couple, and MJV's biological parents.  Shortly after the couple's marriage in August 2017, respondent-father began to experience mental-health issues.  These issues resulted in him being arrested and involuntarily committed for mental health treatment on multiple occasions.  Respondent-father's conduct began to pose a danger to MJV.  Following a car-chase incident in June 2020, Child Protective Services obtained an ex parte order to take MJV into protective custody and place him in the care and supervision of the Department of Health and Human Services.  MJV was ultimately released back into the care of petitioner-mother.

Petitioner-mother eventually filed for divorce.  The Oakland Circuit Court entered a judgment of divorce in July 2021, which awarded petitioner-mother sole legal and physical custody of MJV, suspended respondent-father's parenting time, and ordered that he pay $472 in child support each month.  Petitioner-mother also obtained a personal protection order, which prohibited contact between petitioner-mother and respondent-father, but otherwise ordered that parenting time continue in accordance with the judgment of divorce.

Petitioner-mother married petitioner-stepfather in January 2023. In September 2023, the couple initiated the instant adoption proceedings, requesting that the trial court terminate respondent-father's parental rights and allow petitioner-stepfather to adopt MJV. Respondent-father initially did not accept personal service of the petition. Nevertheless, he appeared in person for a hearing on petitioners' motion for alternate service, where he was served with the date and time of the termination proceedings.

Throughout the proceedings, respondent-father appeared *in propria persona* and continually objected to the trial court's exercise of personal jurisdiction over him, based in part on his claimed status as a sovereign citizen. Respondent-father moved to dismiss the case based on lack of personal jurisdiction, which the court construed as a motion for summary disposition under MCR 2.116(C)(1). Following a hearing, the court denied respondent-father's motion in a written opinion and order.

The trial court held the termination hearing in July 2024. Despite the court's denial of respondent-father's motion for summary disposition, he maintained that the court failed to prove it had jurisdiction over him. Respondent-father refused to testify, call any witnesses, or question petitioners' witnesses during the hearing. In August 2024, the court issued a written opinion and order terminating respondent-father's parental rights to MJV. Respondent-father now appeals, arguing that the trial court lacked personal jurisdiction to enter the termination order.

## II. JURISDICTION

Respondent-father argues that the trial court failed to prove it could exercise personal jurisdiction over him with respect to the adoption and termination proceedings. We disagree.

## A. STANDARDS OF REVIEW

We review a trial court's decision on a motion for summary disposition de novo. *Fraser v Almeda Univ*, 314 Mich App 79, 85; 886 NW2d 730 (2016). We also review de novo "whether a court possesses personal jurisdiction over a party . . . ." *Id*. at 86 (quotation marks and citation omitted).

## B. ANALYSIS

We first note that respondent-father fails to cite any relevant Michigan authority in support of his argument on appeal. Accordingly, we could properly decline to address his argument. See *Blackburne & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) (noting that insufficiently briefed issues on appeal may be deemed abandoned). However, we recognize that the arguments of parties proceeding *in propria persona* generally "are entitled to more generous and lenient construction than they would be if [they] had been prepared by a lawyer." *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). Because of the seriousness of the rights at stake and respondent-father's decision to represent himself, we address the merits of his personal-jurisdiction argument.

This Court has summarized the protocol for reviewing jurisdictional issues as follows:

When reviewing a trial court's decision on a motion for summary disposition brought under MCR 2.116(C)(1), the trial court and this Court consider the pleadings and documentary evidence submitted by the parties in a light most favorable to the nonmoving party. The plaintiff bears the burden of establishing jurisdiction over the defendant, but need only make a prima facie showing of jurisdiction to defeat a motion for summary disposition. The plaintiff's complaint must be accepted as true unless specifically contradicted by affidavits or other evidence submitted by the parties. Thus, when allegations in the pleadings are contradicted by documentary evidence, the plaintiff may not rest on mere allegations but must produce admissible evidence of his or her prima facie case establishing jurisdiction. [*Yoost v Caspari*, 295 Mich App 209, 221; 813 NW2d 783 (2012) (quotation marks and citations omitted).]

Here, petitioners alleged in their supplemental petition to terminate respondent-father's parental rights that he was domiciled at his last-known address in Harrison Township, Michigan. They also alleged in their petition for stepparent adoption that a previous action "within the jurisdiction of the family division of circuit court involving the family or family members of the minor" was filed in Oakland County. The trial court was required to accept these allegations as true unless contradicted by documentary evidence. See *Yoost*, 295 Mich App at 221. However, respondent-father did not support his motion for summary disposition with documentary evidence, merely stating that he was moving to dismiss "for lack of personal jurisdiction." Nor did he provide any documentary evidence in his reply. Instead, respondent-father asserted he was "domiciled in the Kingdom of God" at the time the petition was filed, and that "any current or past use of an address or zip code ha[d] no [e]ffect whatsoever on [his] sovereign status." These unsupported statements are insufficient to overcome petitioners' allegations.

Bearing this in mind, application of the relevant statute demonstrates that the trial court properly exercised general personal jurisdiction over respondent-father. MCL 600.701 provides:

The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.

(1) Presence in the state at the time when process is served.

(2) Domicile in the state at the time when process is served. [MCL 600.701(1) and (2).]

Under MCL 600.701(1), petitioners attempted to serve respondent-father at his last-known address in Harrison Township, Michigan, and at another possible address in Clinton Township, Michigan. Although it is unclear which service attempt supplied respondent-father with notice of the proceedings, he attended the hearing on petitioners' motion for alternative service in person, highly suggesting that he was present in Michigan when process was served. Accordingly, respondent-father was present in the state at the time process was served, which satisfies MCL 600.701(1).

Further, under MCL 600.701(2), petitioners alleged that respondent-father was domiciled at his last-known address in Harrison Township, Michigan. Though respondent-father claimed he was "domiciled in the Kingdom of God," he did not deny residing at the Harrison Township address, asserting that his "current or past use of an address or zip code" had no bearing on his domicile. Because respondent-father failed to contradict petitioners' allegation that he was domiciled in Michigan with documentary evidence, the trial court was required to accept the allegation as true. See *Yoost*, 295 Mich App at 221. Accordingly, respondent-father was also domiciled in the state at the time process was served, thus satisfying MCL 600.701(2).

In sum, the trial court properly denied respondent-father's motion for summary disposition because general personal jurisdiction over respondent-father was satisfied under both MCL 600.701(1) and (2).

## III. TERMINATION OF PARENTAL RIGHTS

Respondent-father argues, by way of challenging jurisdiction, that the trial court erred by terminating his parental rights. We disagree.

## A. STANDARDS OF REVIEW

"The petitioners in a stepparent adoption proceeding have the burden of proving by clear and convincing evidence that termination of the noncustodial parent's rights is warranted." *In re NRC*, 346 Mich App 54, 58; 11 NW3d 296 (2023). "A trial court's factual findings during a proceeding to terminate parental rights under the Adoption Code are reviewed for clear error." *In re AGD*, 327 Mich App 332, 338; 933 NW2d 751 (2019). "A finding is clearly erroneous if, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake was made." *Id*. (quotation marks and citation omitted).

## B. ANALYSIS

"MCL 710.51(6) governs the termination of a noncustodial parent's rights in a stepparent adoption proceeding." *NRC*, 346 Mich App at 59. The statute provides, in relevant part:

(6) If the parents of a child are divorced, . . . and if a parent having custody of the child according to a court order subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:

(a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition. A child support order stating that support is $0.00 or that support is reserved shall be treated in the same manner as if no support order has been entered.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition. [MCL 710.51(6)(a) and (b).]

"The purpose of MCL 710.51(6) is to foster stepparent adoptions in families where the natural parent had regularly and substantially failed to support or communicate and visit with the child and refuses to consent to the adoption." *NRC*, 346 Mich App at 59-60 (quotation marks and citation omitted).

Here, the threshold requirements of MCL 710.51(6) are met. Respondent-father and petitioner-mother are the biological parents of MJV, and the judgment of divorce awarded petitioner-mother sole legal and physical custody of MJV. Petitioner-mother subsequently married petitioner-stepfather, and the two petitioned for stepparent adoption of MJV.

For the purposes of analyzing MCL 710.51(6)(a) and (b), "courts are to look at the two-year period immediately preceding the filing of the termination petition." *NRC*, 346 Mich App at 60 (quotation marks and citation omitted). Petitioners filed the supplemental petition to terminate respondent-father's parental rights on September 20, 2023. Accordingly, the relevant two-year period is from September 20, 2021 to September 20, 2023.

Because a child-support order was entered, petitioners were first required to show that respondent-father "failed to substantially comply with the order, for a period of 2 years or more before the filing of the petition." MCL 710.51(6)(a). This Court has held that "a parent substantially complies with a child support order when they have made a considerable quantity of the payments required by the order." *NRC*, 346 Mich App at 61. Here, the judgment of divorce ordered respondent-father to pay $472 in child support each month. Other than one lump-sum payment of $2,512.77 in January 2023, respondent-father made no further attempts to pay child support. At the time of the termination hearing in July 2024, respondent-father owed $15,173.23 in child support and fees. Despite this, there is no evidence that respondent-father moved to modify the child-support order. Given respondent-father's noncompliance, the trial court did not clearly err in concluding that his one-time payment did not amount to "a considerable quantity of the payments required by the order." *Id*. Accordingly, the trial court properly determined that MCL 710.51(6)(a) was satisfied by clear and convincing evidence.

Under MCL 710.51(6)(b), petitioners were also required to show that respondent-father, "having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition." A petitioner is "not required to prove that respondent had the ability to perform all three acts," but rather, "that respondent had the ability to perform any one of the acts and substantially failed or neglected to do so for two or more years preceding the filing of the petition." *In re Hill*, 221 Mich App 683, 694; 562 NW2d 254 (1997).

Although the judgment of divorce suspended respondent-father's parenting time and prohibited his ability to visit MJV, respondent-father still had the ability to contact and communicate with MJV. Despite this, from September 20, 2021 to September 20, 2023, respondent-father's only communication with MJV was to send him a calendar and "possibly one

or two" other things in the mail. Nor did respondent-father make any attempt to reinstate parenting time with MJV, a process that was provided for and outlined in the judgment of divorce. Because respondent-father regularly and substantially failed to contact or communicate with MJV, despite having the ability to do so, the trial court properly determined that MCL 710.51(6)(b) was satisfied by clear and convincing evidence.

For the foregoing reasons, the trial court did not clearly err by concluding that petitioners presented clear and convincing evidence to support termination under MCL 710.51(6), and consequently, the trial court did not clearly err by terminating respondent-father's parental rights.

Affirmed. Having prevailed on appeal, petitioners may tax costs. MCR 7.219(A).

/s/ Kirsten Frank Kelly
/s/ Colleen A. O'Brien
/s/ Matthew S. Ackerman